UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

YALE L. BALCAR *et al.*                                                                 PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:17CV-P327-GNS

ARAMARK *et al.*                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiffs Yale L. Balcar and Carl J. Perry, Jr., filed the instant *pro se* civil-rights action pursuant to 42 U.S.C. § 1983. By Order entered February 28, 2018, the Court dismissed Plaintiff Balcar from this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with an order of the Court and for failure to prosecute (DN 13). Plaintiff Balcar having been dismissed, this matter is before the Court on initial review of only Plaintiff Perry's claims in the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow some claims to proceed and dismiss the others.

### I.

Plaintiff Perry is a convicted prisoner incarcerated in the Kentucky State Reformatory (KSR). As Defendants, he names Aramark, the food service provider at KSR, and Mr. Jerge, Aramark Supervisor at KSR, who is sued in both his individual and official capacities.

The complaint alleges that there is "No sanitation in kitchen, no proper trash procedures, there is roach or rat infestations around the cook arear and storage rooms and very little Hair net"; that food servers "play in food while serving the food" and "Guard reach in and grab food out of the food container"; that "Air Quality and Temperature in dinning Hall posed a serious danger to Plaintiffs health"; that there is overcrowding in the dining hall; that "Food handlers . . . [are not] certified by State Health Department"; and that there are "Other Conditions in Dinning

Hall, fire safety. . . . unsafe work requirements, as well as other inadequate or inhumane conditions" (citations omitted). In addition, according to the complaint, "Aramark food is not nutritionally adequate. No well-balanced meals, no nutritional value to preserve health"; there "is health hazards in the food because it said for animal Food Only"; there "is serious Food-borne illness"; "Foods in the cooler and freezer are out date yet they feed it to all prisoner"; and there "is maggot in our food daily and this is a serious borne illness and a health hazard to Plaintiffs."

The complaint further alleges that Plaintiff Perry "is a diabetic and is order for medical diet for a diabetic and Aramark is refusing to do a diabetic Diet for all the diabetic prisoners." "Aramark is simply ignore Perry, Jr, dietary diabetes diet. Perry Jr. is prescribed insulin and need to eat quickly and is being put on hold for 30 min or more by Aramark."

Finally, the complaint alleges that Plaintiff Perry is in a wheelchair with a disability and that there is "no accommodation for the physical disabilites in the Dinning Hall. No Handicap table, No Restroom at all, and no Handicap Serving line."

As relief, Plaintiff Perry seeks compensatory and punitive damages and declaratory and injunctive relief. As injunctive relief, Plaintiff Perry seeks an order directing Aramark to provide him with a medical diet for his diabetes and "to cease their Retaliation and their threats toward [him]."

## II.

Because Plaintiff Perry is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon

2

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. *Claims Regarding Food Service/Quality and Denial of Diabetic Diet*

The complaint alleges unsanitary conditions of the food service area, the serving of expired foods to prisoners, nutritionally inadequate food, maggots in food on a daily basis, and

denial of a diabetic diet. Upon consideration, the Court will allow these Eighth Amendment claims to proceed against Aramark and Defendant Jerge in his official capacity.

The claims against Defendant Jerge in his individual capacity will be dismissed because the complaint contains no factual allegations against him. To the extent Plaintiff seeks to hold Defendant Jerge liable based on his supervisory position, the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors, *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), and Plaintiff fails to allege that Defendant Jerge was actively involved in any alleged wrongdoing. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

### B. *No Accommodation for Physical Disabilities in Dining Hall*

Plaintiff Perry states that he is in a wheelchair with a disability and that there is "no accommodation for the physical disabilites in the Dinning Hall. No Handicap table, No Restroom at all, and no Handicap Serving line." The Court will allow an Eighth Amendment claim and a claim under the Americans with Disabilities Act (ADA) to proceed against Aramark and Defendant Jerge in his official capacity.

### C. *Other Claims Regarding Dining Hall*

Plaintiff Perry also claims that "Air Quality and Temperature in dinning Hall posed a serious danger to Plaintiffs health"; that there is overcrowding in the dining hall; and that there

are "Other Conditions in Dinning Hall, fire safety. . . . unsafe work requirements, as well as other inadequate or inhumane conditions."

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "Implicit in this standard is the recognition that the plaintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998).

Here, Plaintiff Perry provides no facts related to his claims regarding the dining hall that even suggest that he was deprived of the minimum civilized measure of life's necessities or that implicate his health or safety. Consequently, the foregoing claims about the dining hall do not rise to the level of an Eighth Amendment violation, and these claims will be dismissed.

### D. Retaliation/Threats

In the relief section of the complaint, Plaintiff Perry seeks an order directing Aramark "to cease their Retaliation and their threats toward [him]." The complaint, however, does not contain any facts indicating that Plaintiff Perry has been/is being retaliated against or threatened. Therefore, these claims will be dismissed.

5

### III. ORDER

For the foregoing reasons,

**IT IS ORDERED that the following claims will proceed against Aramark and Defendant Jerge in his official capacity**: the Eighth Amendment claims of unsanitary conditions of the food service area, the serving of expired foods to prisoners, nutritionally inadequate food, maggots in food on a daily basis, and denial of a diabetic diet; and the Eighth Amendment and ADA claims of no accommodations for physical disabilities in the dining hall. In allowing these claims to continue, the Court passes no judgment on the merit and ultimate outcome of the case. The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of these continuing claims.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date: March 30, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
      Defendants
4416.005